No. 3289

Second Circuit

BAKER v. WALL DRILLING CO. ET AL.

(December 19, 1928. Opinion and Decree.)
(January 21, 1929. Rehearing Refused.)
(April 22, 1929. Judgment of Court of Appeal Reversed by Supreme Court on Writ of Certiorari and Review.)

William C. Boone, of Many, attorney for plaintiff, appellee.

Thompson and Ferguson, of Leesville, attorneys for defendants, appellants.

## STATEMENT OF THE CASE.

REYNOLDS, J. This is a suit under the Workmen's Compensation Act. The plaintiff, James P. Baker, sued Wall Drilling Company, E. B. Wall Drilling Company, Sloan & Wall Drilling Company, E. B. Wall and R. W. Sloan, and Security Union Insurance Company, to recover judgment for $20.00 a week for four hundred weeks, beginning June 2, 1927, with legal interest on each installment from its maturity until paid; and for the further sum of $250.00, with legal interest thereon from judicial demand until paid, as and for the cost of an operation to be performed on him for the relief of a hernia.

He alleged that the first three named are one and the same and trade names under which E. B. Wall and R. W. Sloan transacted business as commercial partners, and that the last named was their indemnitor pursuant to section 23 of Act No. 85 of 1926; that the defendants, other than the indemnitor, were engaged in the business of drilling wells for oil and that he was employed by them in that business, and that in the course of his employment on June 2, 1927, he accidentally sustained a traumatic hernia, and that he was earning at the time a wage of $4.50 a day and working seven days in the week.

He further alleged that he had demanded of the defendants, other than the indemnitor, the benefit of an operation to relieve his disability and that it had been refused him.

And he asked for judgment against the defendants, including the indemnitor, for $20.00 a week for four hundred weeks, with the first installment to be decreed due June 2, 1927, with legal interest thereon from the maturity of each installment until paid, and for the further sum of $250.00, with legal interest thereon from judicial demand until paid, as and for the cost of an operation to relieve his disability.

The defendants denied liability and submitted the case for adjudication on an agreed statement of facts as follows:

"It is agreed that this case be submitted upon the pleadings, as filed, and upon the following statement of facts:

"1. Defendants admit that the plaintiff was earning, on June 2, 1927, the sum of $4.50 per day of seven days per week.

"2. That plaintiff had no hernia prior to said second day of June, 1927.

"3. That while plaintiff was pulling on a chain tong, in the regular course of his employment with said defendants, other than the Security Union Insurance Company, on June 2, 1927, about 3 p. m. of said day, he felt a stinging pain in his right groin, and, as soon as he had completed the work in which he was then engaged, he went out and laid down in the shade for 30 or 40 minutes, telling the driller he got hurt and was sick. After he felt the pain, he ceased to pull on the chain tong, but he didn't go out and lay down until after they had completed the task of going into the hole. He remarked, when he first felt the pain, that 'that hurt me'. He came back, after remaining in the shade for 30 or 40 minutes,

and remained on the job until 5 P. M., when the work ceased. He did not know what the trouble was. The next day he came back to work, and told the driller he had a knot in his side, and was sore there. The driller asked him to stay on the job that day so as not to shut down the job. He stayed on the job the day of June 3, 1927, until 5 P. M. and the driller then took him to Dr. Hines at Clarks, Louisiana, who told him that he had a hernia. The driller was present and heard Dr. Hines tell plaintiff that he had a hernia or rupture. That he first felt the pain while he was pulling or jerking on the chain tongs.

"4. That on June 4, 1927, under the instructions of Mr. E. B. Wall, plaintiff went to see Dr. Gaharan at Olla, Louisiana, who also told plaintiff he had a hernia and recommended an operation as a cure. Plaintiff saw Dr. Gaharan about 9:30 A. M. on June 4, 1927.

"5. That plaintiff will testify that from 3 P. M. on June 2, 1927, for the succeeding 48 hours, plaintiff suffered pain in the inguinal region, and that after he ceased work on June 4, 1927, he has not been able to work on account of said hernia.

"6. That the doctors advised him not to wear a truss as he was going to be operated upon, but he found it necessary to wear one to keep the hernia from descending.

"7. That, until November 3, 1927, defendants refused either to pay compensation or pay the expense of an operation, and that on October 4, 1927, defendants tendered, in their answer, in the event the court should hold that plaintiff is entitled to compensation, either an operation or 26 weeks' compensation, as more specifically set out in the answer.

"8. That, on November 3, 1927, defendants again tendered an operation to plaintiff, to correct said hernia, at defendants' expense, or, in the event of his refusal, to pay 26 weeks' compensation, neither of which plaintiff has accepted.

"9. That, in the event the court holds that defendants are liable to plaintiff, for the hernia which he has, the subject of this suit, defendants now tender to plaintiff, under the provisions of Act No. 85 of 1926, first, an operation, at defendants' expense, and to pay compensation at the legal rate during the period of disability resulting from the operation; or, second, in the event of plaintiff's refusal to accept said operation and compensation, to pay plaintiff compensation at the legal rate for a period of 26 weeks, as provided by Act No. 85 of 1926.

"10. Paragraph 26 of plaintiff's petition is admitted.

"11. It is admitted that the attachment herein sued out was legally and properly issued.

"12. It is further admitted that Dr. Hines and Dr. Gaharan would testify that a shock to the shoulders, resulting from the jerking on a chain, would be communicated to the bowels.

"13. It is further agreed that the case be submitted on briefs to be filed by the 10th of March, 1928, and that the court may decide the same either in chambers or in open court, notifying each party, orders of appeal to be granted in the judgment without the necessity of the formality of applying therefor."

On these issues the case was tried and there was judgment in favor of the plaintiff and against all of the defendants in solido for $20.00 a week from June 2, 1927, until March 14, 1928, and for the further sum of $20.00 a week for twenty-six additional weeks, from the 14th day of March, 1928, and that defendants pay for an operation on plaintiff, not to exceed $250.00, if the plaintiff is willing to submit to the operation; the payment of the additional twenty-six weeks' compensation to cease at the expiration of the twenty-six weeks, if the operation is successful, and, if the operation is not successful, the plaintiff is reserved the right to proceed further with the case.

From this judgment the defendants appealed.

Plaintiff has answered the appeal and asks that the judgment be amended so as to allow him $20.00 a week for 400 weeks, beginning June 2, 1927, with legal interest on each installment from its maturity until paid, and for the further sum of $250.00, with legal interest thereon from judicial demand, as and for the cost of an operation.

## OPINION.

On the admitted facts, it is clear that plaintiff accidentally sustained a traumatic hernia while performing duties for and in the course of his employment by the defendants other than the Security Union Insurance Company, and consequently he is entitled to the benefits provided by section 17 of Act No. 85 of 1926.

Plaintiff was and always had been willing to submit to an operation at defendants' expense, and defendant was and always had been willing to furnish the operation at their own cost and to pay the weekly compensation required by law, if it were adjudged that they were liable therefor.

All that the plaintiff was entitled to was an operation at the expense of the defendants at a cost of not exceeding $250.00 and to 65 per cent of his wages, or $20.00 a week, during the period of disability prior to and following the operation, not to exceed twenty-six weeks, if death does not result from the hernia or operation.

The judgment appealed from awards more than this and consequently is erroneous.

And quoad the defendant Security Union Insurance Company it is erroneous also for the additional reason that—

"Under the Employers' Liability Act, the injured employee, prior to award or judgment or agreement with his employer fixing the amount of compensation, has no right of action against the insurer of his employer."

Stouff vs. Travellers Insurance Company, 7 La. App. 13.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be annulled, avoided and reversed, and that quoad defendant Security Union Insurance Company plaintiff's demands be rejected and his suit dismissed at his cost.

It is further ordered, adjudged, and decreed that there be judgment in favor of plaintiff and against defendants Wall Drilling Company, E. B. Wall Drilling Company, Sloan & Wall Drilling Company, W. W. Sloan and E. B. Wall, in solido, for $20.00 a week for twenty-six weeks, the first installment being decreed due June 2, 1927, with legal interest on each installment from its maturity until paid.

It is further ordered, adjudged, and decreed that there be judgment in favor of plaintiff and against defendants Wall Drilling Company, E. B. Wall Drilling Company, Sloan & Wall Drilling Company, W. W. Sloan and E. B. Wall in solido for an operation at a cost of not exceeding $250.00, to be furnished by them to plaintiff within thirty days after he shall have signified to them his readiness to submit thereto, and, in default thereof, that plaintiff have judgment against said defendants for the sum of $250.00 with legal interest thereon from this date until paid.

The defendants, other than Security Union Insurance Company, to pay all costs of the District Court; plaintiff to pay the costs of this appeal.