FRANK A. McBRIDE COMPANY, INCORPORATED, PROSE-CUTOR, v. JOHN KUEHN, RESPONDENT.

Submitted May 12, 1933—Decided September 15, 1933.

Before Justices CASE, BODINE and DONGES.

For the prosecutor, *Edwin Joseph O'Brien.*

For the respondent, *Nathan Rabinowitz.*

PER CURIAM.

This writ of *certiorari* brings up for review a judgment of the Passaic County Court of Common Pleas affirming an award made by the workmen's compensation bureau in favor of respondent.

The respondent, John Kuehn, was employed by the prosecutor, Frank A. McBride Company, Incorporated, as a steamfitter. On October 20th, 1930, at two P. M., he was at work on the third floor of a building and was being assisted by two helpers. They were lifting a heavy section of pipe from the second floor. The helpers let go of the pipe and respondent was forced to support its entire weight of some two hundred and sixty pounds. As he did so he had a sharp pain in the abdomen. He called to his assistants to seize the pipe which they did. He suffered great pain and was forced to lean over a railing and rest for fifteen minutes, after which he resumed light work for the balance of the afternoon but was unable to perform his regular duties or complete the work he had been doing. That evening, while seated in his home, he coughed and felt a pain in the abdomen. Upon examination, he discovered a protrusion which turned out to be a ventral hernia. He reported the condition to his superior at eight o'clock the next morning and was sent to a doctor, whom he saw around one-thirty o'clock. He continued under a physician's care, without working, until February 11th, 1931, when an operation was performed by the physician of the employer's insurance carrier. He filed a petition for compensation which was resisted.

The pertinent part of the statute is as follows:

"Where there is a real traumatic hernia resulting from the application of force directly to the abdominal wall, either puncturing or tearing the wall, compensation will be allowed. All other cases will be considered as either congenital or of slow development and not compensable being a disease rather

than an accidental injury; unless conclusive proof is offered that the hernia was immediately caused by such sudden effort or severe strain that, first, the descent of the hernia immediately followed the cause; second, that there was severe pain in the hernial region; third, that there was such prostration that the employe was compelled to cease work immediately; fourth, that the above facts were of such severity that the same was noticed by the claimant and communicated to the employer within twenty-four hours after the occurrence of the hernia; fifth, that there was such physical distress that the attendance of a licensed physician was required within twenty-four hours after the occurrence of the hernia."

1. The first point is that there was no hernia "from the application of force directly to the abdominal wall," as first above mentioned. This is true and respondent does not claim otherwise, but relies upon compliance with the five conditions enumerated later in the section.

2. That there was no immediate descent. There seems to have been some question raised at the hearing as to whether proof of immediate descent was necessary in a ventral hernia or only in an inguinal hernia. It is not necessary to go into this question inasmuch as the proofs show an immediate descent within the rule laid down in *Borodaeff* v. *Province Line Dairy, Inc.,* 109 *N. J. L.* 25; *affirmed,* 110 *Id.* 20; 160 *Atl. Rep.* 153. In that case the descent was noticed the morning after the strain, eighteen hours later, and it was held that the phrase "immediately following the cause" meant "soon enough and in such manner as to make it appear clear that the descent was the effect of the strain and pain complained of which forced cessation of work." The instant case comes within that rule, since the protrusion was noticed some five or six hours after the accident.

3. That there was no such prostration that the employe was compelled to cease work immediately. The facts do not sustain this contention. It was testified that respondent called for help in holding the pipe; that he was in intense pain; that he had to rest; that he had to cease the work he had been doing and perform only light tasks the balance

of the day. He was forced to cease work in the sense meant by the statute.

The other provisions of the statute were admittedly fully met. There is no claim made here by the prosecutor, either in its expert testimony or in the argument of counsel, that the hernia was not in fact caused by the strain of lifting the heavy pipe. Reliance is had solely upon the claim that the two features of the statute above dealt with were not strictly complied with.

4. That the amount of the award is excessive and not in compliance with the statute. The award is in compliance with the law.

The judgment is affirmed and the writ dismissed, with costs.