### STRICKLAND v. WALKER–JOHNSON LUMBER CO.

No. 5894.

Court of Appeal of Louisiana. Second Circuit.

Feb. 6, 1939.

Rehearing Denied March 31, 1939.

Joel L. Fletcher, of Colfax, for appellant.

Harry Fuller, of Winnfield, for appellee.

DREW, Judge.

This is a suit under the Compensation Act (No. 20 of 1914), wherein plaintiff is claiming 400 weeks' compensation for a hernia he sustained while employed by the defendant, and when he was acting within the course and scope of his employment.

There is no denial that plaintiff has a hernia now. We suppose the defense is that it was a congenital one, or that he had the hernia before he started to work for defendant. We say *suppose* for the reason that counsel for defendant has not filed a brief in this court and, of course, did not argue the case. We gather this from the answer.

The testimony is conclusive that plaintiff was a well man prior to the date of the alleged injury. It is also conclusive that the hernia he now has was not congenital. There is ample proof that while plaintiff was carrying a load of slabs from the mill, he sustained the injury complained of and is totally disabled.

 We are at a loss to understand upon what theory the lower court rejected plaintiff's demands. The testimony, to our minds, discloses an almost perfect case for the award of compensation.

 Plaintiff was working for the defendant for .17½ per hour. A full day was ten hours, which would be $1.75 per day. He is entitled to 65% of his weekly wages, based upon the wage of $1.75 per day, for a six-day week, Rylander v. T. Smith & Son, 177 La. 716, 149 So. 434; or $6.85 per week for a period of not more than 400 weeks, beginning June 18, 1937, with legal interest on each payment from the date same was due; and for all costs; and it is therefore ordered, adjudged and decreed.