## Scull v. Blosinski

*Howard Kirk*, for claimant.
*William J. MacCarter, Jr.*, for defendant.

MacDade, J., September 25, 1941.—The matter we are considering is an appeal by claimant, Paul S. Scull, from a decision of the Pennsylvania Workmen's Compensation Board.

From the record it is disclosed that claimant was a garbage collector in the employ of defendant. He had with him on the day of the accident, August 7, 1939 (when a hernia developed), a person engaged by this defendant as a helper to claimant and whose employment was to drive the truck.

It seems that early on the morning on the day of the accident claimant attempted to lift a garbage receptacle weighing between 75 and 80 pounds. The receptacle was inside a container which was sunk even with the ground.

Claimant lifted the receptacle from the container with one hand while standing in an awkward and somewhat unbalanced position.

Immediately upon lifting the receptacle, claimant felt a lump which was attended by violent pain. He at once exhibited the lump to his helper.

The pain continued; claimant tried to lift another receptacle from the rear of another home, but was unable to do so.

Claimant thereupon changed places with the helper, and claimant drove the truck for the five hours remaining until they completed their route, while the helper collected the garbage.

When he had finished the route, some five hours after the accident occurred, claimant reported the accident to defendant.

That same evening, a physician was consulted and claimant was referred to the Chester Hospital for treatment where an operation for a hernia was performed by Dr. William Russell Levis.

The physician testified that the hernia was about the size of a walnut.

At the hearing counsel for claimant made the following offer:

"I offer to prove that upon receipt of this injury he took his place in the truck, and that while under considerable pain he endeavored to go out and lift another pail of garbage, but was unable to do it because of increased pain in the region of the injury, and thereafter he went back to the truck and remained there during the rest of the day; that he was able to drive by keeping his body bent forward and pressing his hand against the lump and endeavoring to ease the pain and discomfort in that manner; that when he got off the truck at the end of the day he could not stand upright, and had to carry himself bent forward, and at once reported the accident. That he carried out these duties because he realized he was collecting garbage, which was a vital necessity for his employer, who he knew was under bond. At no time since the accident did he continue in the work he started at that day."

The offer was refused and exceptions were taken.

Compensation was refused.

The referee claimed that complainant had failed to prove two things:

1. That he did not prove an accident; and
2. That he did not show that the injury was of such

a severe nature as to necessitate the immediate cessation of work.

An appeal was taken to the Workmen's Compensation Board.

The board duly filed an opinion finding that an accident had been proven, but still holding that the requirement to "immediately cease work" had not been met.

In this opinion, the board construed the phrase "immediate cessation of work" to mean an "abandonment of the particular work the claimant was performing at the time the pain was felt", and held that "the evidence in this case is very clear that claimant continued to perform the work he was doing at the time the alleged accident occurred."

However, the board admitted in its opinion that this is a "borderline case."

### The law

The act of assembly which was in force at the time of the accident is The Workmen's Compensation Act of June 2, 1915, P. L. 736, as amended by the Act of June 21, 1939, P. L. 520, 77 PS §515, section 306($h$) of which provides:

"Hernia shall be considered as a physical weakness or ailment, which ordinarily develops gradually, and shall not be compensable unless incontrovertible proof is offered that the hernia was at once precipitated by sudden effort or severe strain and that: first, the descent of the hernia followed the cause without intervening time; second, there was actual pain in the hernial region at the time of descent; third, the above manifestations were of such severity that the same were noticed at once by the claimant, necessitating immediate cessation of work, and communicated to the employer or a representative of the employer within forty-eight hours after the occurrence of the accident."

See Skinner on Pennsylvania Workmen's Compensation Law, vol. 1 (3d ed.), p. 300, for the following:

"An accident or strain may be no more than the occasion, instead of the cause of the malady; it may be the incident which first calls to the attention of the employe the existence of the hernia, and its existence then be attributed by him to the strain. The ordinary development of the hernia may result in pain and it may, of course, cause disability and require surgical treatment, and this without the intervention of any particular strain or traumatism. Unless it was caused by unusual strain, exertion or traumatism, the employer would not be liable for compensation. The practical difficulty in such cases as above stated, is to determine whether the hernia and resulting disability were the result of gradual and ordinary development of the physical weakness, or whether they were caused or aggravated by an accident, thereby attributing the disability to the accident and not to the physical defect alone."

The case of Bukeavich v. Glen Alden Coal Co., 11 Dept. Rep. 354, is often referred to in connection with the statutory regulation of compensable hernia cases. Apparently, in this case, leading medical authorities were examined before the Workmen's Compensation Board for the purpose of assisting the board in making a final ruling as to what evidence indicates a true traumatic hernia. As Judge Rhodes said in the case of Palermo v. North East Preserving Works, Inc., et al., 141 Pa. Superior Ct. 211, 213 (1940) :

"The provisions of the hernia amendment of 1927, supra, and even more so those of the 1939 amendment followed the theory presented and reported in *Bukeavich v. Glen Alden Coal Co.*, 10 W. C. B. 91, 11 Dept. Rep. 354. The evidence there indicated that a true traumatic hernia must be accompanied by the following conditions: (1) The descent of the hernia must immediately follow the cause; (2) there should be a severe pain in the hernial region; (3) there should be such prostration that the employee is compelled to

cease work immediately; (4) these symptoms must be of such severity as to be noticed within twenty-four hours of the accident; and (5) there would be such physical disturbance as to require attention of a physician within twenty-four hours."

It is significant that in this case it was stated that as one of the conditions of a compensable hernia there would be such prostration that the employe is compelled to cease work immediately.

The earlier amendment, the Act of April 13, 1927, P. L. 186, provided that a hernia would not be compensable unless conclusive proof was offered, inter alia, that the above manifestations were of such severity that immediate notice by claimant was communicated to the employer within 48 hours after the accident.

To sum up, therefore, with regard to the law involved, we conclude that, for the first time in the history of the Workmen's Compensation Law, a claimant seeking compensation for a hernia must offer incontrovertible proof that the hernia was at once precipitated by an effort or severe strain and that the above manifestations were of such severity that the same were noticed at once by claimant, necessitating immediate cessation of work. Under the new amendment, the proof must be incontrovertible whereas before the term "conclusive proof" was used. The manifestations must now be of such severity that they must be noticed "at once" by claimant and necessitate his "immediate cessation of work", whereas before the manifestations need only be of such severity that they were immediately noticed by claimant.

The repeal of the Act of 1927 by the Act of June 4, 1937, P. L. 1552, rendered obsolete the many cases decided under the aforementioned act. While a substantial reënactment of the Act of 1927 by the amending Act of June 21, 1939, P. L. 520, probably revived the case law insofar as the two acts are analogous, yet the

introduction of the phrase "immediate cessation of work" to the law as it now stands would hardly warrant a survey of cases decided under the law that did not include this phrase.

Furthermore, as Judge Cunningham said in the case of Ansaldo v. State Workmen's Insurance Fund et al., 133 Pa. Superior Ct. 461, 464 (1938) :

"No good purpose would be served by a discussion of the cases relative to what constitutes an 'injury by an accident' within the general intendment of the statute. The legislature has specifically prescribed what a claimant for compensation for disability resulting from a hernia must prove in order to make his injury compensable."

It is interesting, however, to note the case of Leight v. Uhl Const. Co., 26 Dept. Rep. (Pa.) 2015, wherein Chairman Murphy said (p. 2019) :

"The Legislature in enacting the Pennsylvania Workmen's Compensation Act has made the additional requirement that to rebut the statutory presumption, the claimant must establish that the manifestations of hernia were of such severity as to 'necessitate immediate cessation of work.' In this case, the claimant testified that he had carried a large door about fifty or sixty feet when he noticed the manifestations of hernia; that he did not drop the door, seek assistance or complain to anyone at that time, but continued to carry the door until it reached its final resting place, an additional distance of forty to fifty feet. Because of this testimony, it can not be said that the manifestations of hernia were of such severity as to require that the claimant immediately cease work. The word 'immediate' is an elastic term and should be given a liberal interpretation, but in such a case as is here presented where the claimant continues at the task which he assigns as the cause of the development of his condition, without complaint, for a considerable period of time,

the manifestations of hernia were not of such severity as to necessitate immediate cessation of work."

The phrase here in question "immediate cessation of work" is a part of the law of the State of New Jersey and the following decision thereunder is pointed out in the absence of apparent authority in this Commonwealth. The law in New Jersey provides that it must be shown "that there was such prostration that the employe was compelled to cease work immediately".

In the case of Prino v. Austin Co., 121 N. J. L. 518 (1939), it appeared that claimant continued working for approximately fifteen minutes or until the end of the day, after he first became injured. The court held that, whatever may be the proper definition of conclusive, as required under the New Jersey law, it was quite clear that proof of such prostration of the employe as to compel him to cease work immediately was anything but conclusive.

The question, therefore, resolves itself into a consideration of the testimony upon which claimant bases his claim for compensation. In considering such testimony we must keep in mind the statutory provision here applicable and the reasons therefore as outlined above.

### Question involved

The single question involved is whether in the instant case the hernia was of such severity as to necessitate on the part of claimant the immediate cessation of work.

### Discussion

The board, in its opinion, has construed the phrase "immediate cessation of work" to mean "immediate cessation of all labor of every kind and nature."

This is evident, in view of the board's finding, as above quoted, that after the injury complainant "continued to perform the work he was doing."

The evidence is uncontroverted that before the acci-

dent claimant was engaged in the work of collecting garbage.

The evidence is also uncontroverted that, after the accident, claimant was engaged in the work of driving a truck.

The offer of claimant's attorney, which was refused, sought to prove that claimant drove the truck with great difficulty and in constant pain.

The board has found that this was the same work claimant was doing immediately prior to the accident.

In other words, lifting heavy pails of garbage in containers that are sunk flush with the ground, raising these cans to the side of the truck in emptying them is the same work as sitting in the front seat of a truck and operating it.

This interpretation of the simple word "work" in the act of assembly is not warranted.

In Clini v. New Haven Brewing Co. et al., 119 Conn. 556, 177 Atl. 745, the court construed the expression "inability to work" to mean "to carry on employe's customary employment" saying:

"Had the Legislature intended to require a complete inability, it would have been natural and easy for it to use a qualifying adjective."

The board erred in construing the expression "cessation of work" to mean "cessation of all labor." The word should be construed to mean the work which complainant was engaged in immediately prior to the accident.

The word "immediate" should have a liberal construction. This word has been many times before the court.

In Ritter v. The Preferred Masonic Mutual Accident Association of America, 185 Pa. 90, (1898), the court held that the word "immediately" did not mean instantaneously, but that it meant that the disability must have resulted within a reasonable time after the injury. In this case, it was held that such reasonable time would be, under the circumstances, three or four days.

In Knodel v. William J. Boas & Co. et al., 124 Pa. Superior Ct. 53 (1936), a hernia case, where the requirement of the law was that the descent of the hernia must "immediately follow the strain or effort and be noticed by the claimant," it was held (p. 56) :

"The word 'immediately' must, of course, receive a reasonable interpretation."

The record was returned to the Workmen's Compensation Board for additional evidence on this point.

In the case of Frank A. McBride Co., Inc., v. Kuehn, 11 N. J. Misc. 764, 168 Atl. 64, the court construed a section of the New Jersey law, which required proof of descent of the hernia "immediately following the cause." In this case claimant noticed the pain immediately but did not notice the protrusion for five or six hours after the accident.

The Supreme Court cites as authority Borodaeff v. Province Line Dairy, Inc., 109 N. J. L. 250, 160 Atl. 513, saying:

"In that case the descent was noticed the morning after the strain, eighteen hours later, and it was held that the phrase 'immediately following the cause' meant 'soon enough and in such manner as to make it appear clear that the descent was the effect of the strain and pain complained of which forced cessation of work.' The instant case comes within that rule, since the protrusion was noticed some five or six hours after the accident."

As to the expression "immediate cessation of work," so far as we can learn, this phrase has not as yet been construed by the Pennsylvania courts. It is a new phrase, interjected in the workmen's compensation law by The Pennsylvania Workmen's Compensation Act of June 21, 1939, P. L. 520.

The board in its opinion treats the question as a new one, and calls this a "borderline case."

However, this expression and similar ones have been construed by some of the courts of our sister States.

In Burke v. Soncrant et al., a Louisiana case reported in 187 So. 826 (La. Ct. App. 1939), where the law required "immediate cessation of work", the fact that employe was able to engage in work for "a few minutes" after the injury did not prevent him from claiming compensation for hernia.

In O'Brien v. Wise & Upson Co., Inc., et al., 108 Conn. 309, 143 Atl. 155, the statute required that inability to work must "immediately follow the accident." In this case the workman worked for one week without incapacity and then was found to have developed an inguinal hernia. A majority of the court stated that this could not be construed to be an "immediate" cessation of work. A minority opinion was filed holding to the contrary.

In Clini v. New Haven Brewing Co., supra, the same statute was under consideration. In this case, the employe after sustaining the hernia continued for several months to work, and part of this time performed, by wearing a truss, the same kind of work as before the injury. The court held that this did not prevent him from recovering compensation.

In the case of Frank A. McBride Co., Inc., v. Kuehn, supra, the construction of the words almost exactly similar to those in question was involved. The New Jersey statute required, among other elements, that claimant's case should show that "there is such prostration that the employee was forced to cease work immediately." In this case the opinion states that the claimant "had to cease the work he had been doing and perform only light tasks for the balance of the day and, therefore, "he was forced to cease work in the sense meant in the statute."

Our deductions, which seem to be logical, are therefore:

1. That the word "immediately" requires a reasonable construction and does not mean instantaneous in point of time.

2. That the "work" should likewise receive reasonable construction and does not mean "all labor of every nature and kind whatsoever."

3. That in the instant case the "work" in which the claimant was engaged was that of collecting garbage.

4. That he did cease doing this work immediately following the accident, no matter how strongly the word "immediately" is construed.

5. That the fact that he engaged in light and less laborious work for some hours until he completed his route does not preclude him from claiming that he ceased work immediately upon the happening of the accident.

According to the interpretation of the board, this claimant, upon finding evidence of "hernia", should lie upon his back and refuse to budge; if so, he would obtain the usual award. However, if the same employe, though suffering intense pain, shows loyalty to his employer, doing the work in hand, even though it is not as severe in character as the employment immediately before the accident, he must be penalized and refused relief. We see nothing ethical in this and certainly the board is not liberal in promoting humanitarian laws, as is the policy of the Commonwealth respecting The Workmen's Compensation Act.

Before making a final determination herein, we would desire the referee and the Compensation Board to further consider the motion of claimant's counsel to offer certain testimony, which offer was refused upon strictly technical grounds under *asserted* rules of evidence. We have understood that the workmen's compensation authorities would not adhere strictly to the rules of evidence, provided the same is competent and relevant and throws some light upon the issue, as herein. The referee erred in not admitting the evidence. Without its being a part of the record, we cannot at present make a final determination. So, under the ruling in Knodel v. William J. Boas & Co. et al., 124 Pa. Su-

perior Ct. 53, the record is returned to the Workmen's Compensation Board for the taking of additional evidence as requested by claimant in accordance with his offer, heretofore denied him, notwithstanding rule 35 of the said board, providing, inter alia, that "Continuances shall not be granted by a referee or by the board except for cause shown . . ." Certainly there was cause shown in the instant case. Right and justice require a reference back to the board, where we trust the proceedings will be expedited.

We sustain, therefore, claimant's exceptions sur appeal, which are as follows:

"1. Claimant excepts to the finding of the board that he failed to show an "immediate cessation of work" at the time of the accident.

"2. Claimant excepts to the finding of the board that he "continued to perform the work he was doing at the time the alleged accident occurred."

"3. Claimant excepts to the finding of the board that he failed to show by proper evidence that he is entitled to compensation.

"4. Claimant excepts to the action of the board dismissing his appeal as aforesaid."

### Order

And now, September 25, 1941, the matters of claimant's exceptions sur appeal from a decision of the Workmen's Compensation Board coming on to be heard by the court en banc, together with oral arguments and briefs, after due consideration the court doth order and decree the following:

1. Claimant's exceptions nos. 1, 2, 3, and 4 to the decision of the Workmen's Compensation Board be and are hereby sustained; and

2. The record herein be and is hereby ordered and directed to be returned to the. Workmen's Compensation Board for the taking of additional testimony, in accordance with our opinion aforesaid, and to file a

supplemental decision thereafter, as conveniently as possible.