Plaintiff sustained an injury on October 2, 1940, while performing the duties of a contract of hiring with defendant, and sues to recover workmen's compensation at the rate of $12.83 per week for 400 weeks, less $148.48 paid, on the theory that his disability is total and permanent. Specifically, he alleges that on said date he stooped down and lifted a roll of paper weighing about 100 pounds, and "that the lifting of the roll of paper and twisting of his body produced an unusual and unexpected strain and caused him to sustain an inguinal hernia on both the right and left sides of his body." Defendant's answer and its position before this court restricts the contest to one issue and that is whether plaintiff sustained and now suffers from hernia of the character alleged upon.
Defendant appealed from judgment awarding plaintiff compensation as prayed for by him.
The record reveals a hopeless and wholly irreconcilable conflict in the testimony of six of the nine physicians who physically examined plaintiff subsequent to the accident and prior to trial. They are numerically equally divided in opinion as to whether plaintiff has a hernia. Three of the examining physicians did not testify.
If plaintiff is afflicted with hernia of the character alleged upon, under the well settled jurisprudence of this and other appellate courts of the state, he is entitled to compensation. Long v. Louisiana Highway Commission et al., La.App.,2 So.2d 683; Biggs v. Libbey-Owens-Ford Glass Company, Inc., et al., La.App., 170 So. 273; Johnson v. Hillyer, Deutsch, Edwards, Inc., La.App., 185 So. 652; Strickland v. Walker-Johnson Lumber Company, La.App., 188 So. 516; Baker v. Wall Drilling Company, et al., 10 La.App. 397, 123 So. 198.
If no hernia exists there should be no recovery because the suit is pitched exclusively upon the theory that disability resulted solely from this cause.
Plaintiff's testimony concerning the accident supports the allegations of his petition. He is corroborated by L.N. Maxey, his foreman, who was hard by when the accident occurred. Maxey testified, in part, as follows:
"Well, I was up there at the beater. He was up there, and when he turned around he fell to his knees. People fall once in awhile, and he got up; he said, `I believe I hurt myself.' I said, `How?'. He said, `My side hurts.' I said, `Well, you better go to the first aid then', and he went."
A nurse taped plaintiff's right side and advised him to return the following day for physician's attention. On his return Dr. C.T. McWilliams examined him and continued to treat and observe him for some two months thereafter. Dr. McWilliams did not at first examine plaintiff to ascertain if he was suffering from hernia because, as he says, plaintiff did not complain of pain or discomfort in the inguinal regions. However, thereafter, on being advised by plaintiff that other physicians had found the existence of hernia, Dr. McWilliams made additional examinations to ascertain if this was correct. He found no such condition and is positive hernia does not exist.
Between the date of the alleged accident and trial of the case, nearly five months, besides Dr. McWilliams, plaintiff was examined by the following named physicians, to-wit:
S.M. Richardson, Sr., S.M. Richardson, Jr., T.A. Richardson, S.F. Martin, C.S. Sentell, W.C. Gray and W. Poimbeouf, all of Webster Parish, and Dr. George Wright of Monroe, Louisiana.
No effort was made to procure the testimony of Dr. Wright. Dr. S.M. Richardson, Sr. was temporarily absent from the state when the case was tried. Dr. Poimbeouf was then absent from the parish. Drs. S.M. Richardson, Jr., T.A. Richardson and Sentell testified on behalf of plaintiff, while Drs. McWilliams, Gray and Martin testified for defendant.
The Drs. Richardson found that plaintiff had a fairly well pronounced right inguinal hernia and an enlarged ring on the left inguinal side, an incomplete hernia. Dr. S.M. Richardson, Jr. testified:
"When he coughs or makes pressure there is a protrusion of abdominal contents. You can feel it coming down in the canal; on the right side more pronounced." *Page 759 
Dr. Sentell found no evidence of hernia, potential or otherwise, in the left side, but did find a bulging in the right inguinal region about as large as a medium sized pecan, which enlarges when he coughs. Drs. Gray and Martin are positive, after close examination, that plaintiff is free from hernia. Dr. Martin has engaged in active practice for forty years. He examined plaintiff on February 24th, thirty days prior to trial, and testified:
"Q. You gave him as many tests as you know how to determine whether or not he had a hernia? A. Yes.
"Q. Just what did you do, Doctor? A. Well, I examined both rings with my index finger and had him strain or cough to see if I could detect any kind of tumor there but I failed to detect it.
"Q. It is your opinion that the man was not suffering from hernia at the time you examined him? A. That was my opinion, yes.
"Q. Doctor, you were able to insert your index finger up into the inguinal ring, were you? A. Yes; well, you could have forced them in there, but I just pushed it into the external ring; I could have, but it is not a good idea."
Here we have six physicians, who, so far as the record discloses, stand on equal footing with respect to professional and personal integrity, and whose testimony in a case of this character ought to be of equal weight. But, they are as far apart in their opinions as are the poles. Whether a person has a pronounced, well defined hernia, it seems to us, should not be exceedingly difficult of determination by experienced physicians. Physical examination by doctors of long and varied experience, augmented by appropriate tests, should unquestionably reveal the presence or the absence of such a pathological condition. Yet, we are confronted with the lamentable fact that there is diametrical disagreement on the question between the physicians, three to the side.
Since the physicians are equally divided in their opinions touching the paramount issue in the case, one which involves a matter squarely falling within the realm of their profession, a court, mindful of its responsibility, perforce must approach the subject with no slight degree of trepidation. We have studied the record, unusually brief for a compensation case, and have concluded that it is asking too much of a court of justice to resolve the Gordian knot the testimony has created, and at the same time be expected to have that peace of conscience which should always serve as a guiding monitor in disposing of serious judicial questions. We are justified in declining to adjudicate the issue on the testimony before us.
This court has several times entirely ignored inexplicable conflicting testimony of medical experts in compensation cases, preferring to rest its judgment upon the lay testimony; but in the present case there is a paucity of lay testimony; not enough, we think, to warrant a final decision. The lower court recognized the irreconcilable conflict in the medical testimony and largely based its judgment upon testimony of the lay witnesses.
It is possible that had all the physicians who examined plaintiff testified, the present impasse would not have arisen; at least, there is ground for such a hope.
We are clear in the opinion that the ends of justice will best be served by setting aside the judgment appealed from and remanding this case for further proceedings. This course will enable either or both sides to adduce testimony supplementary to that now in the record.
We are not unmindful of the lack of legal right in this court to even suggest to the lower court a course of procedure to be applied or followed when this case again comes on for trial; yet we feel no sense of impropriety in giving expression to the indulged hope that with the consent of one or both sides, the court, in keeping with the liberal spirit and purview of the Workmen's Compensation Law, Act No. 20 of 1914, as amended, may see fit to have plaintiff physically examined by one or more experienced, disinterested physicians to the extent necessary to definitely determine whether he now suffers from inguinal hernia of any kind or character; the testimony of such examining physician or physicians to be adduced in the same manner and way as is provided for other expert witnesses.
For the reasons assigned, the judgment appealed from is reversed and set aside, and this case is now remanded to the lower court for further proceedings. Liability for all costs, including those incurred on appeal, will await final judgment. *Page 760